FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 14 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

LUIS JIMENEZ CESPEDES,

Defendant.

**11-CR-71 (JBW)**

**Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2)**

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245–46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On January 4, 2011, Luis Jimenez Cespedes plead guilty to Count One of a one-count indictment. Count One charged that, on January 4, 2011, Cespedes used a passport which was secured by reason of false statements, specifically, the use of a false name, false date of birth, and false Social Security number, in violation of 18 U.S.C. § 1542.

Cespedes was sentenced on May 31, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 10 and defendant's criminal history category to be category II, yielding a guidelines range of imprisonment of between 8 and 14 months. The calculation of the total offense level included a two-point deduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of 10 years. 18 U.S.C. § 1542. The guidelines range of fine was from $2,000 to $20,000.

Cespedes was sentenced to 8 months' incarceration and 3 years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Securing a U.S. passport by making false statements is a serious offense. Here, that offense is made more serious by Cespedes' use of a helpless, mentally disabled person's identifying information to secure the passport at issue. And although the court recognizes that Cespedes generally supported his family, it also recognizes that he did so through earnings on which he has not paid taxes. A sentence of 8 months' incarceration, the bottom of the guidelines range, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). To allow Cespedes to remain in contact with his family during his incarceration, the court recommends that he be sentenced to a facility within the New York metropolitan area.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in securing a U.S. passport by making false statements will result in a substantial prison sentence. Specific deterrence is achieved because the defendant will probably be deported and will not likely attempt to re-enter the United States, unless he obtains legal documentation. It is unlikely that he will engage in further criminal activity in light of his full acceptance of responsibility for his actions, as well as the lengthy prison sentence and term of supervised release he received.

Jack B. Weinstein
Senior United States District Judge

Dated: June 1, 2011
Brooklyn, New York